WOOLF & NACHIMSON LLP
Chaim J. Woolf (State Bar No. 236957)
15300 Ventura Blvd., Suite 214
Sherman Oaks, CA 91403
Tel: (310) 474-8776
Fax: (310) 919-3037
E-Mail: chaim.woolf@wgclawyers.com

Attorneys for Plaintiff,
REACTX

GORDON REES SCULLY MANSUKHANI, LLP
KEVIN W. ALEXANDER (SBN 175204)
kalexander@gordonrees.com
THOMAS R. WATSON (SBN 227264)
twatson@grsm.com
633 West Fifth Street, 52ND Floor
Los Angeles, CA 90071
Tel: (619) 230-7464
Fax: (213) 680-4470

Attorneys for Defendant,
YIELDBOT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DISVISION

| | |
|---|---|
| REACTX , a Limited Liability Company<br><br>Plaintiffs,<br><br>v.<br><br>YIELDBOT, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | **CASE NO.: 2:17-CV-07913 RGK (AFMX)**<br><br>***ASSIGNEND TO HON. R. GARY KLAUSNER***<br><br>JOINT REPORT PURSUANT TO F.R.C.P. RULE 26(f)<br><br>Rule 26 Scheduling Conference<br>Date:     March 12, 2018<br>Time:    9:00 a.m.<br>Courtroom: Courtroom 850, Roybal Building |

# JOINT REPORT PURSUANT TO F.R.C.P. RULE 26(f)

On February 20, 2018, counsel for Plaintiff **REACTX, A LIMITED LIABILITY COMPANY** ("Plaintiff" or "ReactX") and counsel for Defendant **YIELDBOT, INC.** ("Defendant" or "Yieldbot") conferred as required under the Federal Rule of Civil Procedure 26(f), Central District of California Local Rule 26-1, and this Court's *Order Setting Scheduling Conference* dated November 15, 2017 (the "Scheduling Order").

Plaintiff and Defendant, through their respective counsel of record, hereby submit this Joint Report Pursuant to F.R.C.P. 26(f) prepared following their February 20, 2018 conference:

## I. STATEMENT OF THE CASE

### A. Plaintiff's Statement of the Case

Plaintiff, ReactX is a company that developed a creative platform that scaled non-standard advertising units. The company provides a platform to create, manage, and deploy custom adaptive rich media creative with video that requires highly specialized advanced methods and capabilities. Based upon the fact that it worked many years and spent over $4.5 millions dollars to create its platform, ReactX has at all times deemed its proprietary information and schematics related to its digital creative platform as a trade secret. To guard its trade secrets, ReactX only allows parties to use its platform relating to its use under a strict Terms of

Use agreement.

Yieldbot through fraud, misrepresentations, misappropriations, and breaches of contract improperly and maliciously acquired ReactX's product and has attempted to pass it off as its own.

In the present action, Plaintiff alleges against Defendant the following claims: (1) fraud; (2) negligent misrepresentation; (3) breach of contract; and (4) misappropriation of trade secrets.

**B.  Defendants' Statement of the Case**

Defendant Yieldbot, Inc. ("Yieldbot") is a leading media technology company with headquarters in New York City.

This action arises out of Plaintiff ReactX's misplaced effort to use litigation as a vehicle to punish Yieldbot for the parties' failure to reach agreement on the terms of an acquisition that ReactX desperately needed to stay alive.  ReactX asserts Yieldbot bated it into disclosing its trade secrets under the ruse of conducting due diligence in furtherance of a potential acquisition so that Yieldbot could instead use those trade secrets to build a competing product.  Nothing can be further from the truth and ReactX's failures cannot be blamed on Yieldbot.  Yieldbot denies it committed fraud, made any negligent misrepresentations, breached any enforceable contracts, or misappropriated trade secrets.

## II.     ADDITIONAL RULE 26(f) DISCOVERY MATTERS & DISCOVERY PLAN

    **a.**     **Rule 26(f)(3)(A)**: The Parties have agreed to exchange initial disclosures under Rule 26(a) on or before March 6, 2018. The Parties have further agreed that it is most efficient and cost effective to produce the documents identified in their initial disclosures along with the other non-privileged documents that are responsive to a Party's requests for production pursuant to Rule 34. It is Defendant Yieldbot's position that no discovery may be commenced against it prior to the Plaintiff first complying with California Civil Code § 2019.210.

    **b.**     **Rule 26(f)(3)(B)**: The Parties agree that discovery will be necessary regarding Plaintiff's claims and the Defendant's denials of the claims and its affirmative defenses. In addition, it is Defendant Yieldbot's position that Plaintiff must identify its alleged trade secrets with reasonable particularity before it may commence any discovery against Yieldbot. *See* Cal. Civil Code § 2019.210.

    **c.**     **Rule 26(f)(3)(C)**: At this time, the Parties do not believe that discovery in this case will call for review and production of unmanageable volumes of electronically stored information ("ESI"). However, both Plaintiff and Defendant intend to seek the production of records of electronic communications (such as e-mails, text or SMS messages, and instant messaging records, etc.) that are relevant to Plaintiff's claims and Defendant's affirmative defenses. The Parties are in the process of negotiating a stipulation regarding the collection and production of ESI.

    **d.** **Rule 26(f)(3)(D)**: The Parties are negotiating the terms of a Stipulated Protective Order intended to protect each party's confidential trade secrets, financial, and business information during the course of discovery, trial preparation, and trial in this action. The Parties intend to lodge a proposed Stipulated Protective Order for the Court's approval.

    **e.** **Rule 26(f)(3)(E)**: The Parties agree that at this time no changes should be made to the limitations on discovery imposed under the Federal and Local Rules.

Nevertheless, in the event that it becomes apparent that additional key witnesses require deposing, in addition to the 10 depositions granted to each side, the parties agree to meet and confer in good faith prior to obtaining leave of court to extend the number of witnesses subject to deposition.

    **f.** **Rule 26(f)(3)(F)**: The Parties at this time are unaware of any other order that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

## III. ADDITIONAL LOCAL RULE 26-1 MATTERS

    **a.** **Complex Cases:** The Parties agree that the case is not complex and does not require reference to the procedures set forth in the Manual on Complex Litigation.

    **b.** **Motion Schedule:** Defendant anticipates filing a motion for summary judgment and/or summary adjudication.

The Parties propose that all dispositive motions be filed by December 10, 2018

    **c.** **Settlement/ADR**: The Parties agree to participate in ADR Procedure

No. 3, a private dispute resolution proceeding (mediation), no later than January 4, 2019.

   **d.**   **Trial Estimate**:  The Parties estimate a seven to ten (7-10) day jury trial. The parties propose a February 18, 2019 pre-trial date and a March 5, 2019 trial date.

   **e.**   **Additional Parties:**  The parties do not anticipate adding additional parties.

   **f.**   **Expert Witnesses**: The Parties propose expert disclosures in according to the following schedule:  Plaintiff's Expert Disclosure Date of September 3, 2018 and Defendant's Expert Disclosure Date of October 8, 2018.

**IV.   TIMETABLE**

- Last Date to Join Other Parties or Amend Pleadings: April 9, 2018;
- Service of Rule 26(a)(2) Initial Expert Disclosure by Plaintiff: September 3, 2018;
- Defendant's Expert Disclosures: October 8, 2018;
- Discovery Cut Off: November 5, 2019;
- Motion Hearing Cut Off Date: January 7, 2019;
- Settlement/ADR Cut Off: January 4, 2019;
- Pre-Trial Conference: February 18, 2019; and
- Trial Date: March 5, 2019.

| | | |
|---|---|---|
| Dated: March 6, 2018 | | WOOLF & NACHIMSON, LLP |
| | By: | **/s/ Chaim J. Woolf** |
| | | Chaim J. Woolf |
| | | Attorneys for **Plaintiff ReactX** |
| Dated: March 6, 2018 | | GORDON REES SCULLY MANSUKHANI, LLP |
| | By: | **/s/ Thomas R. Watson** |
| | | Thomas R. Watson |
| | | Attorneys for **Defendant Yieldbot, Inc.** |

I, Chaim J. Woolf, am the ECF User whose ID and Password are being used to file this Report. In compliance with Local Rule 5-4.3.4, I hereby attest that Thomas R. Watson has concurred in the content of the Report and has authorized this filing.